438

### EITEL–McCULLOUGH, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 12255.

United States Court of Appeals, Ninth Circuit.

June 3, 1949.

Edward Hale Julien, San Francisco, Cal., for petitioner.

Theron Lamar Caudle, Asst. Attorney General, Washington, D. C., for respondent.

Before MATHEWS, HEALY, and ORR, Circuit Judges.

PER CURIAM.

On August 13, 1948, petitioner, Eitel-McCullough, Inc., petitioned this court for review of a decision of the Tax Court.[1] The petition was filed with the clerk of the Tax Court, as required by paragraph 1 of our Rule 31.[2] Paragraph 2 of our Rule 31 has not been complied with. Petitioner has not filed the designation required by subdivision (a) of Rule 75 of the Federal Rules of Civil Procedure, 28 U.S.C.A., or taken any of the other steps mentioned in Rule 75. Consequently, the record on review has not been transmitted or prepared for transmission to the clerk of this court. The time for such transmission expired on September 22, 1948.

On May 11, 1949, respondent, the Collector of Internal Revenue, moved this court to docket the petition and for an order requiring petitioner to show cause why it should not be dismissed. Notice of the motion was served on petitioner, and the motion was heard on May 27, 1949. Petitioner, appearing by counsel, opposed the motion, but showed no valid excuse for its failure to comply with paragraph 2 of our Rule 31.

The motion to docket the petition is granted, and the petition is dismissed.

---

[1] See 9 T.C. 1132.

[2] Our Rule 31, adopted pursuant to 26 U.S.C.A.Int.Rev.Code, § 1141(c) (2), provides:

"1. A party applying for review of a decision of The Tax Court of the United States shall file his petition with the clerk of said Court, which petition shall set forth briefly the nature of the controversy, shall declare the court in which review is sought and state the necessary allegations to establish the venue, and shall be signed by the petitioner or his attorney of record, and the petitioner shall serve a copy thereof, with notice thereof, upon the opposite party or parties. The review shall be taken by such filing and notice.

"2. The clerk of The Tax Court within forty days from the filing of the petition shall transmit a typewritten copy of the record on review to the clerk of this court, prepared in accordance with the provisions of Rule 75 or 76 of the Rules of Civil Procedure for the District Courts of the United States.

"3. All rules of this court except when inapplicable or as herein modified, shall apply to petitions for review of decisions of The Tax Court of the United States to which this rule relates."